## UNITED STATES *v.* GILLESPIE and another, Executors, etc.

*(Circuit Court, D. New Jersey.* April 22, 1881.)

1. EQUITY PRACTICE—FEDERAL COURTS—PLEA IN ABATEMENT.
   Under the rules of equity practice, matters in abatement may be pleaded in the federal courts, and need not be set up in the answer.

2. SAME—DEFECTIVE PARTIES.
   Under such rules, however, the want of proper parties cannot be pleaded by the defendant, but such defect must be suggested in the answer, as provided by the fifty-second equity rule.—[ED.

In Equity.

*A. Q. Keasbey,* for complainant.

*Gilchrist & Parker,* for defendants.

BY THE COURT. This is an application to the court by the defendants, executors of Joseph L. Lewis, deceased, for leave to plead various pleas. The matters specified in the notice, and sought to be set up by pleas, merely suspend the right to sue, and are offered to defeat the particular proceeding instituted, rather than to relieve the defendants wholly from the demand, and hence are defences in abatement and not in bar. Such matters are expressly excluded from the provisions of the thirty-ninth equity rule, and we perceive no valid reason why the defendants should not be allowed to plead them, if they prefer so to do, rather than set them up in their answer. The leave, however, does not apply to the alleged want of proper parties to the suit. The fifty-second equity rule makes provision for such a speedy disposition of all suggestions in the answer in regard to defective parties that nothing is gained and no necessity exists for a plea.

The defendants are allowed to plead all matters in abatement, which, in the judgment of counsel, render the action premature under the provisions of the statutes of the state of New Jersey.